UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | |
|---|---|
| SHAWNNA CLEMENT, | * Case No. 1:17-cv-595 |
| *Plaintiff,* | * |
| v. | * |
| EIN HISEL, *doing business as* HISEL CONSTRUCTION, | * **VERIFIED COMPLAINT FOR WAGE THEFT** |
| *Defendant.* | * |
| | * |
| | * |

## PRELIMINARY STATEMENT

1. Plaintiff brings this complaint against Defendant for recovery of unpaid wages. Specifically, Plaintiff seeks back pay, liquidated damages, and reimbursement of her costs and attorneys' fees in prosecuting this action under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*); Ohio's Minimum Fair Wage Standards Act (Ohio Rev. Code Chapter 4111); and the Minimum Wage Amendment to Ohio's Constitution (Art. II, Sec. 34a, Ohio Constitution). Further, Plaintiff seeks her unpaid wages and liquidated damages under Ohio Rev. Code § 4113.15.

## JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Further, this Court has supplemental jurisdiction over the Ohio law claims under 28 U.S.C. § 1367(a) because they are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant maintains its principal place of business in Warren County, Ohio.

**PARTIES & BACKGROUND**

4. Plaintiff was employed by Defendant as an office manager and designer in 2017.

5. Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e); Ohio Rev. Code Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

6. Plaintiff, while employed by Defendant, was engaged in commerce because Defendant employed Plaintiff as part of his construction company that used equipment and tools made outside the State of Ohio to install materials made outside the State of Ohio.

7. Defendant Ein Hisel was, at all times relevant, a natural person domiciled in Springboro, Warren County, Ohio and engaged in the construction industry as a sole proprietor under the unregistered fictitious name Hisel Construction.

8. Defendant is an "employer" as that term is defined in 29 U.S.C. § 203(d); Ohio Rev. Code Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

9. Defendant, at all times relevant, ordered and used tools, equipment, and materials made and shipped from locations outside the State of Ohio; and accepted checks from customers as payment—all of which constitutes interstate commerce.

10. Defendant, with respect to Plaintiff, was required to comply with 29 U.S.C. § 201 *et seq.*; Ohio Rev. Code Chapter 4111; and Article II, Section 34a of Ohio's Constitution, under both individual- and enterprise-coverage principles.

11. Defendant paid Plaintiff nothing at all—that is, $0.00 per hour—for approximately 65.53 hours of work, i.e., 56.78 hours worked as an office manager and 8.75 hours worked as a designer, in 2017.

12. Plaintiff has demanded payment in full, yet Defendant has failed and refused to tender payment.

### FIRST CLAIM FOR RELIEF

*(Non-Payment of Minimum Wages under the FLSA)*

13. Plaintiff re-alleges and incorporates the above allegations.

14. Under 29 U.S.C. § 206, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work he suffered, permitted, or required Plaintiff to perform in 2017.

15. Defendant willfully failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff to work for $0.00 per hour, which is less than the applicable federal minimum wage rate of $7.25 per hour.

16. Defendant knowingly and willfully failed to pay Plaintiff for all hours worked.

17. Defendant was aware Plaintiff worked these hours, but still refused to pay Plaintiff because, as stated by Defendant, Plaintiff did not give notice before she quit. Indeed, Plaintiff quit because Defendant was not paying her timely.

18. Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under 29 U.S.C. § 206; 29 U.S.C. § 213; or any other section of law.

19. Because Defendant willfully has failed to pay Plaintiff at least the minimum rate of wages for all hours she worked at $7.25 per hour worked, Plaintiff is entitled to collect $475.09 as and for liquidated damages, i.e., 65.53 hours multiplied by $7.25 per hour.

3

## SECOND CLAIM FOR RELIEF

*(Non-Payment of Minimum Wages under Ohio Law)*

20. Plaintiff re-alleges and incorporates the above allegations.

21. Under Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work he suffered, permitted, or required Plaintiff to perform.

22. Defendant failed to comply with the requirements of Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution by suffering or permitting Plaintiff to work for $0.00 per hour in 2017, which is less than the applicable Ohio minimum wage rate of $8.15 per hour worked in 2017.

23. Defendant knowingly and willfully failed to pay Plaintiff for all hours worked.

24. Defendant was aware Plaintiff worked these hours, but still refused to pay Plaintiff because, as stated by Defendant, Plaintiff did not give notice before she quit. Indeed, Plaintiff quit because Defendant was not paying her timely.

25. Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under Ohio Rev. Code Chapter 4111; Article 2, Section 34a of Ohio's Constitution; or any other section of law.

26. Because Defendant failed to pay Plaintiff at least the minimum rate of wages for all hours worked in 2017 at $8.15 per hour worked, Plaintiff is entitled to collect $1,068.14 as and for liquidated damages, i.e., 65.53 hours multiplied by $8.15 per hour multiplied by 2.

## THIRD CLAIM FOR RELIEF

*(Ohio Rev. Code § 4113.15 Violations)*

27. Plaintiff re-alleges and incorporates the above allegations.

28. For 56.78 hours of office manager work in 2017, Defendant failed to pay Plaintiff her agreed upon wages of $16.00 per hour, resulting in back wages in the amount of $908.48.

29. For 8.75 hours of designer work in 2017, Defendant failed to pay Plaintiff her agreed upon wages of $25.00 per hour, resulting in back wages in the amount of $218.75.

30. Defendant failed to pay Plaintiff her wages, as described above, within the statutory time period under Ohio Rev. Code § 4113.15.

31. To date, Defendant has failed to pay wages in the amount of $1,127.23 due and owing to Plaintiff, and there is no legitimate dispute that Plaintiff is owed these wages.

32. Because Defendant failed to pay Plaintiff her wages within the time period specified under Ohio Rev. Code § 4113.15, Plaintiff seeks her back wages in the amount of approximately $1,127.23 plus liquidated damages in the amount of $200.00.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays that the Court enter judgment as follows:

    a. ordering Defendant to pay $1,127.23 as and for back wages and $1,743.23 as and for federal and state liquidated damages for each hour Plaintiff worked for which Defendant failed to pay Plaintiff properly;

    b. ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

    c. awarding any other legal or equitable relief.

5

Respectfully submitted,

MANGANO LAW OFFICES CO., L.P.A.

s/Ryan K. Hymore
Ryan K. Hymore (0080750)
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiff*

## DECLARATION OF VERIFICATION

I, Shawnna Clement, do hereby declare under penalty of law that the following is true:

1. I am over the age of 21 and competent to make the statements herein.

2. I have reviewed each and every line in the foregoing complaint.

3. I am familiar with all factual allegations in the foregoing complaint.

4. I have personal knowledge of all factual allegations contained in the foregoing complaint, which are true to best of my knowledge.

Date: Sept. 7, 2017

Shawnna Clement

6